[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on December 31, 1991 in New Fairfield, Connecticut. By complaint dated February 24, 1999, the Husband instituted this action claiming a dissolution of marriage, joint custody of the minor child, an assignment of all or part of the estate of the Wife, and other relief as law and equity might provide.
One minor child was born issue of this marriage: Adriana Marie Holmes born on December 15, 1994.
The Husband is age 30 and in good health. The Wife is age 37 and claims to have some physical problems.
The court finds that the marriage has irretrievably broken down. The breakdown resulted from the parties' inability to communicate with one another. The court further finds that, despite the efforts of the Husband to address the parties' communication problems, the Wife refused to CT Page 549 participate in counseling or other intervention programs.
Following the commencement of this action, the Wife made unsubstantiated allegations of criminal misconduct by the Husband regarding the minor child. Those allegations precipitated the involvement of the Department of Children and Families and the Juvenile Court. Ultimately, the Juvenile Court ordered that custody of the child be awarded to the Husband with supervised visitations to the Wife. Accordingly, this court shall not address the issue of custody or visitation. However, as the Husband was forced to incur attorney's fees and other expenses related to the unsubstantiated allegations made by the Wife, the division of assets as set forth below adjusts for that inequity.
The Court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders as the evidence, testimony and claims of law made by the parties:
ORDERS:
DISSOLUTION OF MARRIAGE
A decree dissolving the marriage on the grounds of irretrievable breakdown shall enter on January 8, 2001.
CHILD SUPPORT
The Wife is presently unemployed. The Wife is ordered to make reasonable efforts to obtain employment and to report to the Husband within 48 hours of obtaining employment, either part-time or full time employment.
ALIMONY
The Husband shall pay to the Wife alimony of $150.00 per week from the date the Wife vacates the marital home until the marital home is sold. Said alimony is non-modifiable as to the term and the amount.
MEDICAL INSURANCE AND UNREIMBURSED MEDICALS — CHILD
The Husband shall maintain, at his sole expense, the present medical/dental insurance for the child.
Until the Wife becomes employed, the Husband shall pay all unreimbursed CT Page 550 medical and dental expenses for the child. When the Wife becomes employed the parties shall pay according to the amount required by the Guidelines.
MEDICAL INSURANCE — WIFE
The Wife shall be responsible for her own medical insurance coverage.
LIFE INSURANCE
Neither party is ordered to maintain life insurance.
PERSONAL PROPERTY
The Husband shall have the following items from the marital home: the oak armoire, the dining room set and the yard and shop tools. All the other items remaining in the marital home shall belong to the Wife. The Wife shall remove any items of personal property she wishes from the marital home no later than one week prior to the date the house is sold. If any of said items remain in the house thereafter, they shall be considered abandoned by the Wife and the Husband shall be free to dispose of them as he wishes.
REAL PROPERTY
The parties are joint owners of property located at 23 Deer Lane, New Fairfield, Connecticut. The Wife's interest in said property is hereby assigned to the Husband. Pursuant to Connecticut General Statutes 46b-81, the Court orders that the assignment of the Wife's interest in said real property (a copy of the description to said property is attached hereto and made a part hereof) shall pass to the Husband by virtue of this judgment without any further act of the Wife, and the Husband shall record this judgment on the Land Records of the Town of New Fairfield, Connecticut to effectuate the transfer.
The Wife shall, within 30 days of the date of this judgment, vacate the martial residence.
The Husband shall immediately list the property for sale with a licensed real estate broker. The Husband shall give both the Wife and her Attorney no less than thirty days written notice of the closing date for said property. When the property is sold, the net proceeds, after the payoff of the first mortgage and the usual and standard closing costs (including but not limited to: the real estate broker's commission, the conveyance taxes and attorneys fees), shall be distributed as follows:
CT Page 551 To the Husband — One half of the net proceeds;
To the Wife — One half of the net proceeds less the following costs:
 1. The sum of $6,475.97 which represents one half of the attorney's fees for counsel for the minor child;
 2. Reimbursement to the Husband of $3,000.00 representing the cost of Dr. Pogge's services;
 3. Reimbursement to the Husband of $1,890.00 representing the cost of Dr. Strand's services;
 4. Reimbursement to the Husband of $5,000.00 representing one half of the Husband's attorneys fees; and
 5. Reimbursement to the Husband for any damages to the premises caused by the Wife during the period from the date hereof through the date the Wife vacates the premises.
 In the event the 50% share of the net proceeds allocated to the Wife is not sufficient to pay all of the above costs, then the balance of said costs shall be paid by the Wife to the Husband within one year following the date of the closing.
Until the premises are sold the Husband shall be solely responsible for the mortgage and all other costs associated with the house. However, if the Wife fails to vacate the premises within 30 days f this judgment and the Husband is forced to incur expenses to remove her, said expenses shall also be deducted from her share of the proceeds and reimbursed to the Husband at the time of the closing.
DIVISION OF DEBTS
Except as otherwise provided herein, the Husband shall be responsible for the debts on his financial affidavit as well as any debts in his name that are not listed on his financial affidavit. The Wife shall be responsible for the debts on her financial affidavit as well as any debts in her name that are not listed on her financial affidavit.
ATTORNEY FEES
CT Page 552
Except as otherwise provided herein, the parties shall each be solely responsible for their own attorney fees
TAX RETURNS
The parties shall file separate tax returns for the year 2001 and thereafter.
MOTOR VEHICLES
The parties shall be entitled to their respective motor vehicles.
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
Frankel, J.